UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KINZIE ADVANCED POLYMERS LLC, | CASE NO. 1:23-cv-1524 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | **MEMORANDUM OPINION AND ORDER** |
| HIGHOPES, LLC, | |
| Defendant. | |

Before the Court is a motion to transfer venue. (ECF No. 4). The motion asserts that the parties' relationship is governed by a "Project Proposal" which includes a forum-selection clause and choice-of-venue language. (ECF No. 4, PageID #55). For the reasons stated herein, the motion is **GRANTED**.

## I.  PROCEDURAL HISTORY

On July 6, 2023, Plaintiff filed a complaint in Cuyahoga County Court of Common Pleas (Case No. CV 23 981978) alleging breach of contract and fraudulent misrepresentation by Defendant. (ECF No. 1, PageID #7–14). On August 4, 2023, Defendant filed a notice of removal pursuant to 28 U.S.C. § 1332, arguing the Court has subject matter jurisdiction over Plaintiff's claims. (ECF No. 1, PageID #1).

On August 11, 2023, Defendant filed the instant motion pursuant to 28 U.S.C. § 1404(a) requesting the Court transfer venue of this matter to the Seattle Division of the United States District Court for the Western District of Washington. (ECF No. 4, PageID #54). Defendant argues that the transferee district was pre-arranged in a forum-selection clause in the parties'

1

Project Proposal. *Id*. In the alternative, Defendant moved the Court to dismiss this case for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(3). (ECF No. 4, PageID #54).[1]

On September 15, 2023, Plaintiff opposed Defendant's motion to transfer venue. (ECF No. 9). Plaintiff acknowledges the legitimacy of the forum-selection clause in the Project Proposal. (ECF No. 9, PageID #177). However, Plaintiff argues that the case should remain here because the language of the forum-selection clause is permissive instead of mandatory. *Id*.

On September 29, 2023, Defendant replied in support of its motion to transfer venue. (ECF No. 11). It contends that under either reading of the forum-selection clause, permissive or mandatory, the only proper venue for this case is the Western District of Washington. (ECF No. 11, PageID #191–94).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "The calculus changes, however, when the parties' contract contains a valid forum selection clause." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. Of Tex.*, 571 U.S. 49, 62 (2013).

According to the Sixth Circuit:

> [W]hen assessing a forum-non-conveniens motion relying on a forum-selection clause, we first ask several contract-specific questions, including whether the forum-selection clause is applicable, mandatory, valid, and enforceable. An answer of "yes" to all of those questions means *Atlantic Marine's* modified forum-non-conveniens analysis applies and the plaintiff bears the burden of showing that the public factors weigh heavily against dismissal; an answer of

---

[1] Because Defendant raises its 12(b)(3) motion in the alternative, the Court will not address the motion to dismiss because it is granting the transfer of venue. *See Race Winning Brands, Inc. v. Crawford*, 601 F. Supp. 3d 279, 287 (N.D. Ohio 2022) ("[W]hether to dismiss or transfer claims based on a valid forum-selection clause rests within the district court's discretion.").

2

> "no" to any of them means the traditional forum-non-conveniens analysis applies instead.

*Lakeside Surfaces, Inc. v. Cambria Co.*, 16 F.4th 209, 216 (6th Cir. 2021).

Public interest factors rarely defeat a transfer motion, so the "practical result is that forum-selection clauses should control except in unusual cases." *Rosskamm v. Amazon.com, Inc.*, 637 F. Supp. 3d 500, 506 (N.D. Ohio 2022). "[A] proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Id*.

### III. ANALYSIS

As a general matter, forum-selection clauses in commercial contracts are strongly presumed valid and should be enforced except in cases of "fraud or overreaching," or if "enforcement of the forum selection clause would otherwise be unreasonable or unjust." *Hitachi Med. Sys. Am. v. Bay Harbor MRI, Inc.*, 2009 WL 2252875 at *2 (N.D. Ohio July 28, 2009). Plaintiff does not challenge whether the forum-selection clause in the Project Proposal is applicable, valid, and enforceable. (ECF No. 9, PageID #177–79). Plaintiff instead argues that the forum-selection clause is permissive, not mandatory, so *Atlantic Marine* should not apply. *Id*.

#### A. Mandatory

"A forum selection clause is mandatory if it clearly indicates that jurisdiction is proper only in the selected forum. By contrast, a permissive forum selection clause merely authorizes jurisdiction in the specified forum, but does not require that forum to be the exclusive venue for litigation." *Race Winning Brands, Inc. v. Crawford*, 601 F. Supp. 3d 279, 286 (N.D. Ohio 2022) (quoting *Federal Deposits Ins. Corp. v. Paragon Mort. Servs., Inc*., 2016 WL 2646740 at *2 (N.D. Ohio May 10, 2016). In ruling on a § 1404(a) motion to transfer, this District in *Braman v. Quizno's Franchise Co., LLC* was asked to determine whether the language of a forum-selection clause was mandatory or permissive. 2008 WL 611607 (N.D. Ohio Feb. 20, 2008). The forum-

selection clause at issue in that case read: "the parties agree that the exclusive venue for disputes between them shall be in the District Court for the City & County of Denver, Colorado, or the United States District Court for the District of Colorado." *Id*. at *1. The Court held that such language in a forum-selection clause is mandatory. *Id*. at *6. In so holding, the Court reasoned, "[b]y virtue of the parties' use of the word 'exclusive,' the forum selection clause in this case is explicitly mandatory, not permissive." *Id*.

Similarly, the Court in *Race Winning Brands, Inc.* held that "the forum-selection clause [was] mandatory by its plain language" because it required the parties to "irrevocably submit to the exclusive jurisdiction of courts located in Delaware." 601 F. Supp. 3d at 286. Likewise, the forum-selection clause at issue in *Rosskamm* was mandatory because it provided that any dispute or claim "be adjudicated in the state or Federal courts in King County, Washington," and that "[the parties] consent to exclusive jurisdiction and venue in these courts." 637 F. Supp. 3d at 505. The Court, citing *Braman*, emphasized the pre-arrangement in the forum-selection clause that any dispute or claim "*will*" be adjudicated in specific courts, and that the parties "consent to *exclusive* jurisdiction and venue" in those courts. *Id*. at 509.

In comparison, this District also has guiding precedent concerning permissive forum-selection clause language. The language at issue in *Hitachi* stated, "[e]ach party consents to the jurisdiction of the federal and state courts located in Ohio." 2009 WL 2252875, at *1. The forum-selection clause was permissive because, "[t]he forum selection clause at issue d[id] not mandate a singular forum, but simply state[d] that the parties consent to the jurisdiction of state and federal courts located in Ohio." *Id*. at *3.

> The forum selection clause at issue in this case states:
>> The prevailing party in any dispute resolved by binding arbitration or litigation shall be entitled to recover its attorneys' fees and costs. In all other circumstances, the parties specifically consent to the local, state and federal

4

> courts located in the state of Washington. The parties hereby waive any jurisdictional or venue defenses available to them and further consent to service of process by mail.

(ECF No. 1, PageID #36).

Plaintiff argues that the forum-selection clause language in *Hitachi* is analogous to the instant case. (ECF No. 9, PageID #180). The Court disagrees. The Court notes the emphasis of the language in the forum-selection clause that the parties "*specifically* consent to the local, state and federal courts located in the state of Washington." (ECF No. 1, PageID #36). This language is similar to language associated with the mandatory forum-selection clauses discussed above. *Compare Braman*, 2008 WL 611607 at *6 ("By virtue of the parties' use of the word 'exclusive,' the forum selection clause . . . is explicitly mandatory, not permissive."), *with Hitachi*, at *3 ("The forum selection clause . . . simply states that the parties consent to the jurisdiction of state and federal courts located in Ohio."). While the term "exclusive" was used in the forum-selection clauses in *Rosskamm* and *Braman*—as opposed to the term "specifically" in this case— the Court finds "specifically" is more analogous to "exclusive" than no reinforcing adverb at all, as seen in *Hitachi*. To determine otherwise would render the application of the adverb "specifically" superfluous. *See also Specific*, Black's Law Dictionary (11th ed. 2019) (defining specific as "[o]f, relating to, or designating a particular or defined thing; explicit."). The Court finds that the forum selection clause is mandatory.

"Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atlantic Marine*, 571 U.S. at 62. No such extraordinary circumstances are present in this case.

### B. Permissive

Even if a reviewing court were to find that the forum-selection clause is permissive rather than mandatory, the Court finds that a balancing of the private and public interests at issue weigh

5

in favor of transfer. "To determine the reasonability of the forum selection clause, a court should consider: (1) the law that controls the contractual dispute; (2) the residency of the parties; (3) where the contract was executed; (4) the location of witnesses and parties to the litigation; (5) whether the forum is inconvenient to the parties." *Hitachi*, 2009 WL 2252875, at *2.

Here, the "Project Proposal" states, "[t]he formation, construction, performance and enforcement of this Agreement shall be in accordance with the laws of the United States and the state of Washington . . . ." (ECF No. 1, PageID #36). Defendant addressed this choice-of-law language in its motion to transfer and stated that Washington law governs this dispute. (ECF No. 4, PageID #61). Plaintiff did not contest this assertion. (ECF No. 9). Defendant is a resident of Washington and has its principal place of business in Washington. (ECF No. 4, PageID #58). Further, Defendant alleges the individuals who "will likely be called for deposition or testimony at trial—are residents of Washington and California." (ECF No. 4, PageID #61). Plaintiff did not address the location of potential witnesses in its opposition. Plaintiff's primary argument against transfer is just that Plaintiff resides in this judicial district. (ECF No. 9). Thus, the Court finds that enforcement of the forum selection clause would not prove to be unreasonable or unjust because the above factors weigh in favor of transfer.

## IV.  CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion to transfer venue (ECF No. 4) and **TRANSFERS** this case to the Seattle Division of the United States District Court for the Western District of Washington.

**IT IS SO ORDERED.**

**Date:  March 12, 2024**

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**